[No. B191115. Second Dist., Div. Three. May 23, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, and Emery El Habiby, Deputy County Counsel, for Plaintiff and Respondents.

**OPINION**

**CROSKEY, J.**—In this bail bond forfeiture case, the International Fidelity Insurance Company (appellant) seeks relief from an order denying its motion to vacate the summary judgment entered against its bail bond. By its motion to vacate, appellant sought to have the trial court also vacate a prior order that declared a forfeiture of the bail bond, and that served as the basis for the summary judgment. Our review of the record shows there is no merit to appellant's contention that the trial court lacked jurisdiction to declare the forfeiture and enter the judgment. Therefore, we will dismiss the appeal

since, as discussed below, the summary judgment is a consent judgment and not generally subject to appeal unless entered in excess of the court's jurisdiction.[1]

## BACKGROUND OF THE CASE

Alejandro Orosco Camberos (defendant) was charged with two felony counts—lewd acts with a child by force or fear, and continuous sexual abuse of a child. Bail provided by appellant was posted on July 22, 2003, in the amount of $200,000. The case was called for arraignment on January 23, 2004, defendant appeared and pled not guilty to both charges. A pretrial conference and jury trial were set for February 17 and March 18, 2004, respectively, and were each continued from time to time based on various motions.

---

[1] In criminal proceedings in California, matters of bail are governed by Penal Code section 1268 et seq. References herein to statutes are to such code.

Section 1305, subdivision (a) provides that if a criminal defendant fails to appear, without sufficient excuse, for his arraignment, trial, judgment, or on any other occasion when his presence is lawfully required prior to the pronouncement of judgment, the trial court "shall in open court declare [the bail] forfeited." Subdivision (a) of section 1305 works in conjunction with section 1305.1, which provides that if the trial court has reason to believe that a sufficient reason *may exist* for the defendant's failure to appear, "the court *may* continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail." (Italics added.) If the defendant then fails to appear, without sufficient excuse, on or before the continued date, "the bail shall be forfeited." (§ 1305.1.) Thus, a trial court's options, when the defendant fails to appear on an occasion when his appearance is lawfully required, are governed by both section 1305, subdivision (a) and section 1305.1. The trial court is obligated to exercise its sound discretion in making a determination whether a defendant's failure to appear is without sufficient excuse. (*County of Los Angeles v. Ranger Ins. Co.* (1996) 48 Cal.App.4th 992, 996 [56 Cal.Rptr.2d 25].)

When the court declares the bail forfeited, subdivisions (b) through (g) of section 1305 set out the instances in which relief from the bail forfeiture can be obtained. Most of these scenarios require that relief be sought within 180 days of when the bail was forfeited, with an additional five days if the clerk of the court has mailed notice of the forfeiture (hereinafter, the 180-day period). Two of the relief provisions are relevant to appellant's position in this appeal.

Under subdivision (d) of section 1305, a motion for vacation of the forfeiture and exoneration of bail brought by the surety insurer, surety, bail agent, or depositor (surety) "shall" be granted if it is "made apparent to the satisfaction of the court" that the defendant is permanently unable to appear in court due to his death, illness, insanity, or his detention by military or civil authorities. Under subdivision (e) of section 1305, if it "appears to the satisfaction of the court" that a defendant will be unable to appear in court during the remainder of the 180-day period due to the defendant being temporarily disabled because of illness, insanity, or his being detained by military or civil authorities, "the court shall order the tolling of the 180-day period . . . during the period of temporary disability." Thus, both provisions provide for mandatory relief if the defendant's permanent or temporary disability is made apparent to the satisfaction of the court.

When a bail has been forfeited and the period of time during which forfeiture can be set aside has passed without the forfeiture having been vacated, section 1306 provides that the court must enter a summary judgment against the surety within 90 days, and if the judgment is not entered in that time, the right to a judgment expires and the bail is exonerated.

Defendant appeared at the next 11 hearing dates but on the 12th, September 22, 2004, he failed to appear for trial. The reporter's transcript for that day shows his private attorney appeared and represented to the court that she had been informed by defendant's friends that defendant "had a heart attack over the weekend and is in the hospital." The attorney acknowledged she had no verification of such situation to give to the court, but stated her understanding that she "w[ould] be provided with some—or he will be in court." The attorney added that one of defendant's friends had pledged property for defendant's $200,000 bail, the friend has a handicapped son, and so the attorney was "certain [defendant will] be returning at some point." The court responded by saying: "All right. I hope so. Very well. No appearance. The bond is forfeited. Bench warrant. No bail."

A forfeiture letter was mailed to the surety and to its agent on September 27. The court's records indicate that the last day of the 180-day period for vacating the forfeiture under section 1305 was March 31, 2005.

On March 30, 2005, the court heard and granted appellant's section 1305.4 motion to extend the 180-day period by giving appellant another 180 days, with the time to vacate the forfeiture to expire on September 29, 2005. Then on April 4, 2005, it ordered the time extended to October 4, 2005.

Appellant filed a motion to vacate the forfeiture and exonerate bail. Hearing on the motion was continued from time to time to December 7, 2005. On that date, the court found the requirements of section 1305 were not met and the motion was denied. A summary judgment on the forfeited bond was issued the next day. Notice of entry of judgment on the forfeited bond and demand for payment was mailed by the clerk to the appellant and its bail agent on December 9, 2005.

On February 10, 2006, appellant filed a motion to "set aside summary judgment, discharge forfeiture and exonerate bail." Opposition to the motion was filed by the County of Los Angeles (county), representing the People of the State of California in this suit against appellant on the bond forfeiture. Appellant's motion was heard and denied on April 28, and on May 16 appellant filed this appeal.

## DISCUSSION

### 1.  *The Summary Judgment Is a Consent Judgment*

■ Summary judgments entered on forfeitures of bail are consent judgments and for that reason are not usually subject to challenge. However, like many if not most bail bonds, the bond appellant furnished to defendant

specifically states that if a forfeiture of the bond is ordered, a judgment may summarily be entered against appellant for the amount of its undertaking, "*as provided by Sections 1305 and 1306 of the California Penal Code.*" (Italics added.) Thus, if the summary judgment at issue here was not entered in accordance with that consent, appeal is appropriate. (*County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 12, fn. 1 [82 Cal.Rptr.2d 214].) The reason is that the procedures set out in sections 1305 and 1306 are jurisdictional directives and acts taken by the court outside of those directives are in excess of the court's jurisdiction and void. (70 Cal.App.4th at p. 16.) Here, appellant's motion to vacate the summary judgment was made under Code of Civil Procedure section 473, subdivision (d), which provides that upon motion of a party, a court may set aside a void judgment or order.

### 2. *Appellant Has Not Demonstrated Grounds for Vacating the Judgment and Bail Forfeiture*

In the points and authorities filed by appellant to support its motion to vacate the summary judgment, appellant argued that the trial court did not have jurisdiction to forfeit the bail and enter the summary judgment because under the terms of section 1305, a trial court may not order forfeiture of bail unless the defendant's failure to appear is without sufficient excuse. Appellant asserted there was sufficient excuse for defendant's failure to appear in this case because defendant's attorney represented to the trial court that defendant was not present because he had sustained a heart attack and was in the hospital. Thus, appellant argued, defendant's absence was excused *as a matter of law*, the bail forfeiture was inappropriately entered, and the summary judgment is void.

Appellant makes the same argument on appeal. Noting that (1) under subdivision (d) of section 1305 the court *must* vacate a bail forfeiture and exonerate the bail if it is shown to the court's satisfaction, within the 180-day period, that the defendant is permanently unable to appear in court due to his *illness*, and (2) under subdivision (e) of section 1305 the court *must* toll the running of the 180-day period during the period of a defendant's temporary disability due to his *illness* if such illness is shown to the court's satisfaction, appellant argues that although a court generally has discretion to determine whether a defendant's failure to appear is without sufficient excuse, "there is no room for discretion where the reason for the absence is a statutorily defined excuse. An excuse specified in the statute is necessarily sufficient as a matter of law. . . . In short, illness is a sufficient excuse and requires relief from forfeiture. If it is sufficient to require relief from forfeiture, it is necessarily a sufficient excuse when a defendant fails to appear."

We reject appellant's attempt to use the provisions in subdivisions (d) and (e) of section 1305 to support its claim that the trial court had no discretion to

exercise under section 1305.1 when it was presented with a representation that defendant was ill and in the hospital. There is no merit to appellant's claim that the representation of illness was sufficient as a matter of law and therefore the court had to accept it. The provisions in subdivisions (d) and (e) of section 1305 address situations where bail has already been forfeited; they require that the court be satisfied that the defendant is permanently or temporarily ill and unable to appear in court. Under those conditions, the surety is statutorily entitled to relief; there is no discretion to be exercised.

▮ In contrast, section 1305.1, working in conjunction with subdivision (a) of section 1305, addresses the situation where bail is still in effect, a defendant fails to make a required court appearance, and the trial court must determine whether the explanation for the defendant's absence warrants giving the defendant another opportunity to make the appearance. While it is true that courts often give a nonappearing defendant the benefit of the doubt when presented with the defendant's attorney's representation for why an appearance has not been made, the fact remains that such a decision is a matter for the court's discretion. Here, we cannot say the trial court abused its discretion when it forfeited the bail. It was presented with a singular explanation for defendant's absence. The explanation was from defendant's attorney who had no firsthand knowledge of the asserted heart attack. The court was free to believe or disbelieve this singular explanation which was given to the attorney by defendant's friends. Whether another trial court, or even a reviewing court, would have granted defendant a continuance is not the test for abuse of discretion.

Moreover, we note that other than defendant's attorney's bare representation to the court that she had been informed by defendant's friends that he had had a heart attack, the record is absolutely silent with respect to why defendant never made any other court appearances after bail was forfeited. Appellant had at least 360 days to produce defendant, or bring the case within some other provision in section 1305, so as to have the bail forfeiture vacated and bail exonerated, yet appellant was apparently unable to do that. Therefore, even if there had been an abuse of discretion in the application of section 1305.1 when bail was forfeited, there was no miscarriage of justice since the decision to declare a forfeiture ultimately had no effect on appellant's ability to prevent entry of a summary judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

▮ Because the summary judgment in this case was entered in accordance with the consent given by appellant in its bond, the judgment is not appealable and the appeal must be dismissed.

## DISPOSITION

The appeal from the summary judgment is dismissed. Costs on appeal to the county.

Klein, P. J., and Aldrich, J., concurred.