KETHLEDGE, J., delivered the opinion of the court in which BOGGS, J., joined. STAFFORD, D.J. (pp. 315-17), delivered a separate dissenting opinion.
OPINION
KETHLEDGE, Circuit Judge.
In March 2010, Free at Last Bail Bonds (“Free”) and Fuad Hamza jointly and severally secured a $75,000 appearance bond on behalf of Kunuz Mohammed-Ali, an Ethiopian national (and Hamza’s cousin) who had been charged with smuggling a controlled substance, namely khat, into the United States in violation of 18 U.S.C. § 545. One condition of the sureties’ obligation was that Mohammed-Ali “comply with all conditions of release imposed by this court,” which included that Mohammed-Ali wear a GPS ankle bracelet. But 15 months later — at Mohammed-Ali’s request and without objection from the government — the district court entered an order allowing him to remove the ankle bracelet. Neither Mohammed-Ali’s counsel (a Federal Defender), nor the prosecutor, nor the court itself provided the sureties with notice of Mohammed-Ali’s motion *314 to remove the bracelet or of the court’s order granting it. Thereafter Mohammed-Ali fled to Ethiopia. The government then filed a civil complaint seeking judgment against the sureties in the amount of the appearance bond. The district court granted summary judgment to the government in that action, reasoning that Free had constructive notice of the motion to remove the ankle bracelet because Free could have accessed the docket for Mohammed-Ali’s case by means of the court’s electronic-filing system. We disagree with that conclusion and reverse.
“Liability on a bond is a matter of contract^]” United States v. King, 349 F.3d 964, 966 (7th Cir.2003). Bond agreements allocate risk, so when determining a surety’s liability “the right question to ask is what risk [the surety] agreed to accept.” Id. at 967. Here, the risk the sureties agreed to accept was that Mohammed-Ali might flee notwithstanding his conditions of release, which included the government’s monitoring of his whereabouts by means of his GPS ankle bracelet. That risk included the possibility that Mohammed-Ali might saw off his ankle bracelet and then flee. What the sureties did not bargain for, however, was that the district court would remove the bracelet for him.
That change in the conditions of Mohammed-Ali’s release was plainly material. A district court should not order a material change to a bond’s conditions without first providing the sureties “notice and an opportunity to be heard — and to revoke their commitments if the judge alters the terms of release over their opposition.” Id. at 966; see also Reese v. United States, 76 U.S. 13, 21, 9 Wall. 13, 19 L.Ed. 541 (1869). If the surety has notice of a change and consents to it, the surety remains liable. Absent notice and an opportunity to revoke, however, “a material change in risk can discharge the surety’s obligation^]” King, 349 F.3d at 967; see also United States v. Casey, 671 F.2d 975, 977 (6th Cir.1982) (“a material increase in risk discharges a surety”). Hence the question here is whether the sureties— specifically Free, which brought this appeal — were given notice of the motion to remove Mohammed-Ali’s bracelet and an opportunity to revoke their commitments if the motion were granted.
We begin and end with the question of notice. The district court freely acknowledged that Free did not, in fact, have notice of Mohammed-Ali’s motion to remove his ankle bracelet. By some dereliction nobody told the sureties about it. But the district court reasoned that “Free at Last received notice” — by which it meant constructive notice — “via the Court’s electronic filing system[.]” Op. at 8. What the court meant, specifically, was that the court’s electronic-filing system “allows public access to court filings,” id., and thus Free could have checked the docket for itself to see that Mohammed-Ali had moved to eliminate the principal impediment to his flight.
That notice was weak tea, and for several reasons we hold it was inadequate. The first is that the Criminal Rules themselves imply that, when a surety is entitled to notice, the surety is entitled to better notice than the sureties got here. Just as a surety is entitled to notice of a motion to modify a bond’s conditions, so too a surety is entitled to notice of the government’s motion to enforce the surety’s liability. See Fed.R.Crim.P: 46(f)(3). And to provide notice of a government’s motion to enforce the surety’s liability, “the clerk must promptly mail a copy to the surety at its last known address.” Fed.R.Crim.P. 46(f)(3)(C). As to a motion to enforce the surety’s liability, therefore, the mere existence of the court’s electronic-filing system *315 is not enough. We see no reason why the answer should be different for a motion that leads to the condition — namely, flight — that creates the surety’s liability in the first place. That is not to say that notice for both kinds of motions must take precisely the same form, ie., a.mailing from the district clerk. But it is to say, as to a motion to modify the bond’s conditions, that someone — the defendant, the prosecutor, the court — must “send the notice forward” to the surety. King, 349 F.3d at 966.
The second reason is practical. Motions to modify a bond’s conditions are rare as compared to all the other kinds of motions filed in criminal cases. The district court’s approach would require a surety frequently if not constantly to sift through all those motions, in all the surety’s cases (Free says it has 500 at any given time), to see whether, amidst all that chaff, someone has filed a motion to modify a bond’s conditions. Someone will eventually pay for all that effort, and that person will likely be the defendant himself (or the friends and family who help pay for the surety’s services). A similar approach would be for the surety to sign up for electronic mailings of all filings in the surety’s cases, but that would just bring the same baskets of chaff to the surety’s email inbox rather than to its internet browser. A more efficient and likely more effective alternative would simply be to require the defendant, the prosecutor, or the court to send the surety an email, or a piece of paper, in the rare instances when someone moves to modify a bond’s conditions.
Finally, not every surety is as sophisticated as Free and thus as capable of navigating a court’s electronic-filing system (assuming they even know it exists). This case illustrates the point: Mohammed-Ali’s cousin, Fuad Hamza, pledged his house as security for the bond and was jointly and severally liable with Free for the bond’s amount. Perhaps Hamza, or others situated like him in future cases, would know from the criminal defendant himself that the conditions of his release had been modified in some material way. But if Hamza denied it, the court would likely need to hold an evidentiary hearing on the matter, which would waste the resources of everyone concerned. The better approach is to send the surety an email or piece of paper.
None of the relevant circuit cases are to the contrary, because none involved a change to the bond’s conditions. In United States v. Craft, 763 F.2d 402, 404 (11th Cir.1985), “the terms of the bonds were never changed[.]” And in both Stuyvesant Ins. Co. v. United States, 410 F.2d 524, 526 (8th Cir.1969), and United States v. Egan, 394 F.2d 262, 266 (2d Cir.1968), the district courts had merely exercised discretion granted to them by the terms of the bonds themselves. Those cases have little to say, therefore, about a surety’s rights with respect to the material change at issue here.
The sureties did not receive notice of the motion to modify the bond’s conditions in this case. And by granting that motion the district court altered the risk the sureties agreed to accept. Justice therefore “does not require bail forfeiture[,]” Fed. R.Crim.P. 46(f)(2)(B), or in our view even permit it. The district court’s judgment is reversed, and the case remanded with instructions to render judgment in favor of Free.