Filed 10/31/23  P. v. Financial Casualty & Surety CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C097131 |
| Plaintiff and Respondent, | (Super. Ct. No. 62176271A) |
| v. | |
| FINANCIAL CASUALTY & SURETY, INC., | |
| Defendant and Appellant. | |

Financial Casualty & Surety, Inc. (hereafter the Surety) posted a bail bond to secure the release of a defendant in a criminal proceeding.  The trial court ordered the bond forfeited when the defendant failed to appear in court on June 7, 2021, at an early status conference for a "plea or set."  The court denied the Surety's motion to vacate forfeiture and exonerate the bond and entered summary judgment against the Surety pursuant to Penal Code section 1306.

On appeal, the Surety argues:  (1) the bond was exonerated because the defendant was on supervised release on his own recognizance (O.R.) rather than on bail; (2) the

bond was exonerated because the terms of the defendant's release from custody were materially altered without notice to it when the court added supervised O.R.; and (3) the court had no jurisdiction to forfeit bail because the defendant had a sufficient excuse for his nonappearance as a matter of law. We disagree. The order denying the Surety's motion to vacate the bail forfeiture and exonerate the bond is affirmed, and the Surety's appeal from the summary judgment is dismissed.

## I. BACKGROUND

On December 7, 2020, the court set bail at $500,000 and ordered supervised pretrial release if bail was posted. On December 14, 2020, the court granted the defendant's request for a bail reduction to $300,000. There is no reporter's transcript in the record for either proceeding. On December 25, 2020, the Surety posted bail.

On January 25, 2021, the court and the parties discussed whether, when bail was lowered to $300,000, the intent had been that the defendant would be on supervised bail with GPS if he made bail. The court explained that had been its intent and that GPS would be required and the original supervised bail order would be followed. The court ordered the defendant to report to probation after court.

The minutes for defendant's next court appearances on March 8, 2021, and April 12, 2021, reflect that he was present and remained on supervised pretrial release on bail.

On June 7, 2021, the defendant was not present. His counsel explained he had a copy of the pretrial release report that recommended the defendant be remanded. Counsel acknowledged the defendant had been on supervised bail with GPS. Counsel stated, "He did send me proof of a positive COVID-19 test. He is not present today. However, based on the report, I would defer to the Court on how the Court wants to proceed." The prosecution argued, "The fact that he is not here with no authority or no excuse or reason, I would ask that the bench warrant issue at this time." Defense counsel replied, "he did send me proof of a positive COVID-19 test and that is somewhere where he lives."

2

The court ruled as follows: "I do find that he is not in compliance with the terms of his release which was a less restrictive form of release. Based on that report, I am going to issue a bench warrant in the amount of $500,000. The bail bond is forfeited and supervision is terminated." The minutes reflect that supervised pretrial release on bail was revoked because the defendant "was not complying [with] sup o/r terms." The notice of forfeiture issued by the court states bail was ordered forfeited because of the defendant's failure to appear for an early status conference on June 7, 2021.

The Surety filed a motion to vacate forfeiture and exonerate the bond. The court denied the motion and entered summary judgment. The bench warrant was still outstanding at the time the court ruled. The Surety filed a timely appeal.

## II. DISCUSSION

### A.    *Standard of Review and Appealability*

" 'An order denying a motion to vacate or set aside a forfeiture and exonerate the bail is an appealable order.' " (*People v. Western Ins. Co.* (2013) 213 Cal.App.4th 316, 321.) "On appellate review, a trial court's denial of a motion to set aside an order of forfeiture is reviewed under an abuse of discretion standard." (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 134.) "[I]t is the burden of the surety to show that a forfeiture of its bail should be set aside." (*People v. Accredited Surety & Casualty Co.* (2019) 34 Cal.App.5th 891, 900.)

Although a summary judgment entered on forfeiture of bail is a consent judgment and therefore ordinarily is not appealable, if the summary judgment is not entered in conformity with the statutory scheme, the judgment is appealable.[1] (*People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1059-1060.)

---

[1] "An order denying a motion to set aside summary judgment on a bail bond forfeiture is an appealable order." (*People v. Accredited Surety Casualty Co.* (2014) 230 Cal.App.4th 548, 554.) No such motion is in the record before us.

3

*B.*     *Defendant Was Not Released on His Own Recognizance*

The Surety contends the bond was exonerated when the defendant was on supervised released on his own recognizance.**2**  The record is clear that the defendant was never released on his own recognizance.  As the trial court found in denying the Surety's motion, the reference in the June 7, 2021 minutes to defendant "not complying [with] sup o/r terms" was a clerical error because the remainder of the record reflects that the defendant was on supervised bail.  (See *People v. Accredited Surety & Casualty Co., supra*, 34 Cal.App.5th at p. 900 ["It is clear the box checked on the minute order indicating [the defendant] was released on his own recognizance was a clerical error"].)  The defendant could not have been failing to comply with supervised O.R. terms if there was no supervised O.R.  We reject the Surety's assertion that bail was exonerated because defendant was released on his own recognizance.

---

**2**  Lurking under this argument heading was an assertion that ordering the defendant to appear at the probation department and ordering supervision transferred custody of the defendant from the Surety to the state and exonerated bail by operation of law.  The appellant must "[s]tate each point under a separate heading or subheading summarizing the point."  (Cal. Rules of Court, rule 8.204(a)(1)(B).)  "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading."  (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)  Even if the assertion was not forfeited, it is unsupported.  "Under the terms of the bail bond agreement, the defendant is transferred from the government's custody to the constructive custody of the surety.  [Citations.]  The consideration of the bond, accruing to the surety, is the defendant's release from the government's custody.  [Citations.]  The responsibility of the surety is based on its custody of the person bailed.  [Citation.]  [¶]  When the trial court orders a defendant who posted bail to be remanded to the custody of the sheriff, the liability of the surety on the bail bond ceases and the bond is exonerated."  (*People v. Accredited Surety & Casualty Co*. (2022) 77 Cal.App.5th 185, 191.)  The Surety cites no authority indicating that ordering a defendant to report to or be supervised by the probation department is akin to being remanded to custody or otherwise exonerates bail.

4

*C.*     *The Addition of Supervision with GPS Did Not Increase Risk to Surety*

The Surety argues the terms of the defendant's release from custody were materially altered without notice to it in violation of Civil Code section 2819 when the court added supervised O.R. on a previously posted bond.  As set forth above, the defendant was never released on his own recognizance.  Further, none of the changes the record indicates the court did make require the exoneration of the bond.

"Surety cites case law arising under Civil Code section 2819, which applies in general to sureties and guarantors, and states that a surety 'is exonerated . . . if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended.' (Civ. Code, § 2819.) . . . Case law developed specifically in the bail bond context . . . requires that to exonerate a bond based on a change in bail conditions, the surety must establish that the change materially increased its risk under the bond." (*People v. Financial Casualty & Surety, Inc*. (2019) 39 Cal.App.5th 1213, 1227, fn. 14.)  " 'When the recognizance of bail is accepted, an implied covenant on the part of the government exists that it will not "take any proceedings with the principal which will increase the risks of the sureties or affect their remedy against him." ' [Citation.]  'Accordingly, a surety is discharged from its liability under the bail bond agreement if the government, without the surety's consent or knowledge, materially increases the surety's risks.' [Citations.]  [¶]  '[T]he surety has the burden of showing that the bail conditions materially increased its risks.' [Citation.]  The question of whether the government materially increased a surety's risk beyond what it accepted in the bond is an issue of contract interpretation that we review de novo." (*Id.* at pp. 1227-1228, fn. omitted.)  The undertaking set forth in the bail bond was that the Surety would guarantee the defendant's appearance in court. (*Id.* at pp. 1216, 1228.)  Accordingly, we ask whether the added conditions " 'significantly increased defendant's risk of flight.' " (*Id.* at p. 1228.)

The Surety has failed to meet its burden.  Again, the defendant was never released on his own recognizance.  The addition of supervision and GPS would only *decrease* the risk of the defendant's flight.  (See *U.S. v. Mohammed-Ali* (6th Cir. 2016) 822 F.3d 312, 314 [concluding there was a material change in risk where the district court *removed* GPS ankle bracelet].)  Accordingly, the addition of these terms did not exonerate the bond.

D.     *The Court Had Jurisdiction to Forfeit Bail*

The Surety argues the court was without jurisdiction to forfeit bail on June 7, 2021, because the defendant had a sufficient excuse for his nonappearance as a matter of law.  We disagree.

Penal Code section 1305, subdivision (a)(1) provides, in relevant part:  "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] . . . [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required."  Our Supreme Court has characterized this provision as setting forth "two jurisdictional prerequisites— specifically, the defendant's failure to appear at an enumerated proceeding or on another occasion as 'lawfully required,' and the lack of a sufficient excuse for the defendant's nonappearance—must be met before the trial court may declare a forfeiture."  (*People v. Safety National Casualty Corp*. (2016) 62 Cal.4th 703, 710.)

"Whether there is a sufficient excuse for a defendant's failure to appear 'will depend upon the circumstances in the individual case.'  [Citation.]  Determining what constitutes a sufficient excuse in a particular case 'rests within the sound discretion of the trial judge.' "  (*People v. The North River Ins. Co.* (2020) 58 Cal.App.5th 300, 310.)  Here, the record does not include any evidence of a positive COVID test beyond defense counsel's representations that the defendant had sent him "proof of a positive COVID-19 test" and the opaque statement, "and that is somewhere where he lives."  It is thus unclear when or whether defendant had COVID himself.  Further, the court was free to disbelieve

6

this bare representation to the court. (*People v. International Fidelity Ins. Co., supra*, 151 Cal.App.4th at p. 1061.) "Whether another trial court, or even a reviewing court, would have granted the defendant a continuance is not the test for abuse of discretion." (*Ibid*.) The Surety's assertion that the court was without jurisdiction to forfeit bail is without merit. "Because the summary judgment in this case was entered in accordance with the consent given by appellant in its bond, the judgment is not appealable and the appeal must be dismissed." (*Ibid*.)

### III. DISPOSITION

The order denying the motion to vacate the bail forfeiture and exonerate bail is affirmed, and Financial Casualty & Surety, Inc.'s appeal from the summary judgment is dismissed. Respondent shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.