Filed 3/17/25  P. v. Allegheny Casualty Company CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALLEGHENY CASUALTY COMPANY,<br><br>    Defendant and Appellant. | G063815<br><br>(Super. Ct. No. 22CF2805)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed.

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

Leon J. Page, County Counsel and Donald Kevin Dunn, Deputy County Counsel for Plaintiff and Respondent.

This appeal involves a criminal defendant who, upon his release from custody after posting a bond, was given notice to appear in court on October 26, 2022. The district attorney later sent the defendant a letter titled, "Notice of Complaint Filed," that notified him to appear on December 14, 2022, to enter a plea. The defendant failed to appear before the court on October 26, 2022. No excuse was offered for his nonappearance. Accordingly, pursuant to Penal Code section 1305, the trial court ordered the bond forfeited. The question on appeal is whether, as a matter of law, the notice from the district attorney telling the defendant to appear on a later date constitutes "sufficient excuse" for the defendant's nonappearance. (*Id.*, subd. (a).) We conclude it does not. Moreover, the court did not abuse its discretion in finding the district attorney's letter did not constitute sufficient excuse for defendant's nonappearance. We affirm.

## FACTS

In September 2022, Allegheny Casualty Company (Allegheny) through its agent, Don's Bail Bonds, posted bond for the release of a defendant from custody. On his release from custody, the defendant was given notice to appear in court on October 26, 2022. On October 3, 2022, the Orange County District Attorney's Office prepared a letter notifying the defendant a criminal complaint had been filed and he needed to appear on

2

December 14, 2022, to enter a plea of guilty or not guilty (the DA notice). The DA notice did not reference the October 26, 2022 court date.[1]

On October 26, 2022—the appearance date shown in both the bail bond and the Orange County Jail receipt—the trial court called the defendant's case. The court noted that, although a letter had been sent with a future date, the "[d]ate on bond is for today." The defendant did not appear and no one appeared on his behalf. The court declared the bond forfeited and issued a warrant.

Notice of the forfeiture was mailed on October 27, 2022. Subsequently, the trial court granted an extension of the forfeiture period to November 1, 2023. Allegheny filed a motion to vacate the forfeiture and exonerate bail on November 1, 2023. The motion was denied on January 3, 2024. The court entered summary judgment on the forfeited bail bond on February 6, 2024 (consent judgment). Allegheny timely appealed.

DISCUSSION

I.

MATTER ON APPEAL

In its notice of appeal, Allegheny states it is appealing from the January 3, 2024 order denying the motion to vacate forfeiture. In the notice designating record on appeal, however, Allegheny states it is appealing from

_____

[1] The letter read: "A complaint was filed in the Central Justice Center charging that on or about 09-27-2022 you committed a violation of [specific sections identified] [¶] To enter a plea of guilty or not guilty of said charges, you are hereby notified to appear on 12-14-2022 at 08:30 AM, in below [¶] [court address]. [¶] If you fail to appear at said time and place, a warrant may be issued for your arrest." The letter does not include a proof of service, and there is no evidence in the record before this court the letter was sent to the defendant.

the February 6, 2024 consent judgment. Allegheny's opening brief states it is appealing from both the January 3, 2024 order and the February 6, 2024 consent judgment.[2]

Denial of a motion to vacate forfeiture is appealable. (*People v. American Surety Co.* (2021) 65 Cal.App.5th 191, 194.) A summary judgment entered on forfeiture of bail is a consent judgment and is appealable only when the judgment is not entered in accordance with the consent given. (*People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1059–1060.) Although Allegheny does not specifically explain why it believes the consent judgment is appealable, it appears Allegheny is arguing the consent judgment is appealable because it was entered on an improper forfeiture. As set forth below, we determine the trial court did not abuse its discretion in denying the motion to vacate forfeiture. Because the forfeiture stands, the consent judgment is not appealable.

## II.

### STANDARD OF REVIEW

A trial court's ruling on a motion to vacate forfeiture is reviewed for abuse of discretion. (*People v. Accredited Surety & Casualty Co.* (2022) 77 Cal.App.5th 185, 190.) "[B]ecause the law disfavors forfeitures, we strictly construe the statutes governing bail forfeiture in favor of the surety "'to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.'"'" (*Ibid.*)

---

[2] The consent judgment, however, is not substantively addressed in Allegheny's brief.

4

# III.

## THE BAIL FORFEITURE

Pursuant to Penal Code section 1269b, subdivision (a), authorized jail personnel have the authority to accept bail, release the arrested person, and "set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof." If the arrested person "fails to appear at the time and in the court so ordered upon their release from custody, Sections 1305 and 1306 apply." (*Id.,* subd. (h).)

Pursuant to Penal Code section 1305, "[a] court *shall* in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (A) Arraignment. [¶] (B) Trial. [¶] (C) Judgment. [¶] (D) *Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required.* [¶] (E) To surrender himself or herself in execution of the judgment after appeal." (Pen. Code, § 1305, subd. (a), italics added.)[3]

The parties agree that, pursuant to the notice given to the defendant on his release from jail, the defendant was lawfully required to appear before the trial court on October 26, 2022. They disagree, however, on whether the defendant had a sufficient excuse for not appearing. Allegheny argues the DA notice, which recited an appearance date of December 14, 2022, was, as a matter of law, a sufficient excuse for the defendant's failure to appear on October 26, 2022. The People, on the other hand, argue that,

---

[3] If the trial court "has reason to believe that sufficient excuse may exist for the failure to appear," it has the discretion—but is not required—to continue the case for a reasonable period. (Pen. Code, § 1305.1.)

because the DA notice was not a court order and could not lawfully require the defendant to appear, it is not, as a matter of law, a sufficient excuse for his failure to appear.[4] Rather, the sufficiency of a claimed excuse is a matter committed to the trial court's discretion. The People argue the court did not abuse its discretion in finding no sufficient excuse and forfeiting the bond. We agree with the People.

"Whether there is a sufficient excuse for a defendant's failure to appear 'will depend upon the circumstances in the individual case.' [Citation.] Determining what constitutes a sufficient excuse in a particular case 'rests within the sound discretion of the trial judge.'" (*People v. The North River Ins. Co.* (2020) 58 Cal.App.5th 300, 310.) What another trial court, or even a reviewing court would have done "is not the test for abuse of discretion." (*People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1061.) "[A] defendant's failure to appear without explanation is presumptively without sufficient excuse and the burden of rebutting such presumption rests with the defendant's representatives or those who are interested in avoiding

---

[4] The DA notice was not a court order and could not lawfully require the defendant to appear before the court. (See *People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1440 (*American Surety*) ["[t]here was no court order continuing the appearance date set by the jailer, and the district attorney's notice to appear was not a substitute"].) At oral argument, Allegheny asserted the California Supreme Court overturned *American Surety* in *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703 (*Safety National). Safety National* did not address whether an arraignment letter can lawfully require a defendant to appear in court. It held that either a written order or oral pronouncement of the *court* is sufficient to lawfully require a defendant to appear. (*Id.* at p. 710.) *Safety National* did not overturn *American Surety* either explicitly or implicitly.

forfeiture." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906; see *People v. North River Ins. Co.*, *supra*, 58 Cal.App.5th at p. 309–310 [same].)

The defendant was lawfully required to appear before the trial court on October 26, 2022. He did not. No one appeared on his behalf. No excuse was offered for his nonappearance. Because there was no explanation for the defendant's failure to appear, his nonappearance was presumptively without sufficient excuse.

Allegheny attempts to rebut the presumption by arguing the trial court knew the DA notice had been sent with a December appearance date, and the court therefore should have found that was a sufficient excuse for the defendant's nonappearance. Although the record reflects the court was aware of the DA letter at the time of the October 26, 2022 hearing, it also reflects the court's statement that, pursuant to the notice given to defendant at the time of his release, he was obligated to appear before the court on October 26. The court did not accept the DA notice as a sufficient excuse, and we find the court did not abuse its discretion in making that determination.

## DISPOSITION

The trial court's order denying the motion to vacate forfeiture is affirmed. Respondent shall recover costs on appeal.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MOTOIKE, J.