Filed 1/16/26  P. v. Bonds CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ABBA BAIL BONDS, <br><br> Defendant and Appellant. | B340952 <br><br> (Los Angeles County <br> Super. Ct. No. 24CJSJ0075-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa R. McGonigle, Judge.  Affirmed.

Haven Legal Solutions and Michael Meyer for Defendant and Appellant.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Keever Rhodes Muir, Assistant County Counsel, and Nene Vuong, Deputy County Counsel, for Plaintiff and Respondent.

———————————

## INTRODUCTION

Abba Bail Bonds appeals from a summary judgment entered on a bail bond after the bonded defendant, Cole Abbott, failed to appear for his arraignment. Because the judgment is a consent judgment, we may review only whether the superior court entered the judgment according to the terms of the bond and Penal Code sections 1305 and 1306.[1] But because Abba's arguments do not relate to the entry of the summary judgment, they are not reviewable in this appeal. And in any event, Abba has not provided an adequate record to review the arguments it asserts. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Abbott with two misdemeanors: driving or taking a vehicle without the consent of the owner with intent either to permanently or temporarily deprive the owner of his or her title to or possession of the vehicle, in violation of Vehicle Code section 10851, subdivision (a); and possessing burglary instruments or tools with the intent to unlawfully access a building, railroad car, aircraft, or vessel, trailer coach, or vehicle, in violation of section 466. (*People v. Abbott* (Super. Ct. L.A. County, 2023, No. LAC3CJ07402-01).) United States Fire Insurance Company and Abba posted a $25,000 bond for Abbott's bail. After Abbott failed to appear for his arraignment on April 11, 2023 the court issued a bench warrant for his arrest and declared the bond forfeited. Abba filed three motions to extend the 180-day appearance period. The court granted the first

---

[1]     Undesignated statutory references are to the Penal Code.

motion and granted the second motion in part, extending the appearance period for 180 days and 45 days, respectively. The court denied the third motion and entered summary judgment on the bond. Abba did not appeal from the second or third orders denying its motions (in part and entirely, respectively) to extend the statutory appearance period.[2]

In this case (*People v. United States Fire Ins. Co.* (Super. Ct. L.A. County, 2024, No. 24CJSJ0075-01)), the clerk of the superior court applied for entry of summary judgment on the bond posted in *People v. Abbott*, *supra*, LAC3CJ07402-01. On June 27, 2024 the court signed the application and entered judgment in the amount of $25,370 (the $25,000 bail bond, plus $370 in costs). Abba did not file a motion to set aside the summary judgment. Abba timely appealed from the summary judgment.

## DISCUSSION

"A bail bond is a ""contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond."" [Citation.] [¶] If a bonded defendant fails without sufficient excuse to appear in court as required, the trial court must declare the bail bond forfeited. [Citation.] Once a bail bond has been declared forfeited, the bond company has 180 days from

---

[2]    We take judicial notice of the November 3, 2023, May 24, 2024, and June 21, 2024 minute orders in the underlying criminal case against Abbott. (*People v. Abbott*, *supra*, (No. LAC3CJ07402-01); see Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

the notice of forfeiture to either produce the defendant or demonstrate facts indicating that the forfeiture should be set aside.  [Citation.]  This 180-day period is often known as the appearance period and may be extended for up to an additional 180 days upon a showing of good cause." (*People v. The North River Ins. Co.* (2025) 18 Cal.5th 1, 8, fn. omitted; see *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.)  "If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety." (*American Contractors Indemnity Co.*, at p. 657; see § 1306, subd. (a).)

Because a court enters summary judgment under section 1306 "pursuant to a contractual consent in the bond agreement" (*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 919, fn. 2), the judgment "is a consent judgment which is normally not appealable" (*County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795).  (See *Merritt v. J. A. Stafford Co.* (1968) 68 Cal.2d 619, 623 ["a judgment on an appeal bond may not be appealed by the surety . . . because the judgment against the surety is a consent judgment"]; *People v. American Surety Co.* (2019) 31 Cal.App.5th 380, 389 [same]; *People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1059 ["Summary judgments entered on forfeitures of bail are consent judgments . . . not usually subject to challenge."].)  "However, numerous courts have reasonably held such judgments are appealable where 'the judgment was not entered in accordance with the consent given in the undertaking.'" (*People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 664; see *International Fidelity Ins. Co.*, at

4

pp. 1059-1060 [although summary judgment entered on forfeiture of bail is a consent judgment not usually subject to appeal, where the judgment was not entered in accordance with the consent contained in the bond, appeal was "appropriate"]; *American Bankers*, at p. 795 ["If the judgment is not entered in compliance with the consent given [in the bond], the judgment is appealable."].)

Abba does not argue the superior court entered summary judgment in violation of the terms of the bond or the applicable statutes—the only arguments we may properly consider in this appeal. Abba argues instead that "the trial court abused its discretion by denying Appellant's third request for an extension of the [appearance] time period" and that "the trial court and Los Angeles County Sheriff's Department interfered with the Surety's contract by releasing [Abbott] when there was a hold on his person by way of bench warrant." Both arguments apparently relate to Abba's third motion to extend the appearance period, which the superior court denied on June 21, 2024. That ruling, however, is not reviewable in this appeal. Abba could have appealed from the June 21, 2024 order. (See *People v. Financial Casualty & Surety, Inc.* (2017) 10 Cal.App.5th 369, 376 [order denying a request for an extension of the appearance period is appealable]; see, e.g., *People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 39 [reviewing an order denying a request for extension of appearance period].) Abba, however, did not.

In any event, even if Abba's arguments were cognizable in this appeal, Abba has not provided an adequate record for us to consider them. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to

be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' . . . '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against'" the appellant. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ['"A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."']; *In re Marriage of Lusby* (1998) 64 Cal.App.4th 459, 470 [where appellants fail to provide an adequate record, their challenge "must be resolved against them"].)

To review Abba's argument the superior court erred in denying Abba's motion for an extension of the appearance period we would need, at a minimum, Abba's motion, the opposition, any reply, and the written ruling or a transcript of the hearing reflecting the court's ruling.[3] (See *Hernandez v. California*

---

[3] Abba filed a motion to augment the record with these materials. We denied the motion because the materials were filed or entered in the underlying criminal proceeding, not this case. (See Cal. Rules of Court, rules 8.120(a)(1), 8.122(b),

*Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502
["Without respondent's motion to strike, plaintiff's opposition, and the court's order, we cannot review the basis of the court's decision."].) The record does not include these materials.

## DISPOSITION

The judgment is affirmed. The People are to recover their costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.

GIZA, J.*

---

8.155(a).) We invited Abba to file a request for judicial notice of those materials (see Evid. Code, §§ 452, subd. (d), 459), but Abba never filed such a request.

* Judge of the Superior Court of Los Angeles County assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.